[Cite as *State v. Peters*, 2014-Ohio-1071.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | Nos. 13AP-748 and 13AP-750<br>(C.P.C. No. 13CR-1969) |
| David L. Peters, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

---

D E C I S I O N

Rendered on March 20, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

*W. Joseph Edwards*, for appellant.

---

APPEALS from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, David L. Peters ("appellant"), appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas pursuant to jury verdicts finding him guilty of carrying a concealed weapon and having a weapon while under disability. Because we conclude that the convictions were supported by sufficient evidence and were not against the manifest weight of the evidence, we affirm.

{¶ 2} On March 30, 2013, Detective Lawrence Gauthney of the Columbus Division of Police Criminal Intelligence Unit was conducting surveillance in the area of the Sunshine Market on North Meadows Boulevard in Franklin County, Ohio. Detective

Gauthney was positioned in an unmarked car using binoculars to observe the area. During his surveillance, Detective Gauthney saw an individual named Juan Mandujano ("Mandujano"), whom he had previously arrested on charges related to drugs and weapons. Detective Gauthney then saw appellant arrive in the area in an automobile. Appellant exited the automobile and made contact with Mandujano. Mandujano lifted his shirt, revealing a handgun, and then held the gun up. Appellant appeared to gesture for the handgun and Mandujano gave it to him. Detective Gauthney testified at trial that appellant placed the handgun in the waistband of his pants and then placed his shirt over the gun. Appellant and Mandujano then got into the automobile. As this occurred, Detective Gauthney contacted his partner, Detective Carlysle Coleman, to come to the area.

{¶ 3}   After driving a short distance, appellant and Mandujano exited the vehicle. Appellant got into an argument with an unknown individual. During the argument, appellant held the handgun and gestured animatedly. After a brief time, appellant then gave the handgun back to Mandujano. As Mandujano began to leave the area, marked police cruisers called by Detective Gauthney arrived. Mandujano fled, and the police officers pursued him to a nearby apartment. Mandujano was arrested in the apartment and a loaded handgun was recovered from a bedroom closet.

{¶ 4}   Appellant was charged with one count of carrying a concealed weapon and one count of having a weapon while under disability. At trial, the state presented testimony from Detective Gauthney, Detective Coleman, and two other officers who were involved in pursuing and arresting Mandujano. Appellant stipulated that a Columbus Division of Police forensic scientist determined that the handgun recovered from Mandujano was operable. Appellant also stipulated that he had a prior conviction for felonious assault, a felony of the second degree. At the close of the trial, the jury found appellant guilty on both charges. The trial court entered a judgment sentencing appellant to three years' imprisonment on the conviction for carrying a concealed weapon and eighteen months' imprisonment on the conviction for having a weapon while under disability, with the sentences to be served consecutively.

{¶ 5}   Appellant appeals from the trial court's judgment, assigning a single error for this court's review:

THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE APPELLANT WHEN THE JUDGMENT WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 6} Although appellant's assignment of error asserts that the judgment was not supported by the manifest weight of the evidence, the argument contained in his brief relates to the sufficiency of the evidence. Therefore, we will consider both the sufficiency and weight of the evidence presented at trial.

{¶ 7} "Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally sufficient to support a verdict." *State v. Cassell*, 10th Dist. No. 08AP-1093, 2010-Ohio-1881, ¶ 36, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In reviewing a challenge to the sufficiency of the evidence, an appellate court must determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, superseded by constitutional amendment on other grounds as recognized in *State v. Smith*, 80 Ohio St.3d 89, 102 (1997).

{¶ 8} "While sufficiency of the evidence is a test of adequacy regarding whether the evidence is legally sufficient to support the verdict as a matter of law, the criminal manifest weight of the evidence standard addresses the evidence's effect of inducing belief." *Cassell* at ¶ 38, citing *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 25. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Thompkins* at 387. " 'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving the conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). This authority "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Thompkins* at 387.

{¶ 9}   Appellant was convicted of carrying a concealed weapon, a fourth-degree felony in violation of R.C. 2923.12. In relevant part, that law provides that "[n]o person shall knowingly carry or have, concealed on the person's person or concealed ready at hand, * * * [a] handgun." R.C. 2923.12(A)(2). Detective Gauthney testified that he saw Mandujano give a handgun to appellant. He then saw appellant place the handgun in the waistband of his pants and pull his shirt over it. Construing this evidence in a light most favorable to the prosecution, a reasonable trier of fact could have found that appellant knowingly had the handgun and concealed it on his person by pulling his shirt over the handgun after placing it in the waistband of his pants, thereby establishing the essential elements of the crime beyond a reasonable doubt. Therefore, we conclude that the evidence was sufficient to support appellant's conviction for carrying a concealed weapon.

{¶ 10} Further, we conclude that the jury did not clearly lose its way in finding appellant guilty of carrying a concealed weapon. Appellant argues that Detective Gauthney was using binoculars during his observation and was located at a distance from appellant. However, the jury heard testimony from Detective Gauthney regarding his use of binoculars and the approximate distance between him and appellant during the incident. Therefore, the jury was able to consider this in weighing the credibility of his testimony.  Appellant also argues that there was no physical evidence directly linking him to the handgun that the police recovered. However, this court has previously held that witness testimony may be sufficient to support a conviction for carrying a concealed weapon. *See State v. Monford*, 190 Ohio App.3d 35, 2010-Ohio-4732, ¶ 108-112 (10th Dist.) (holding that eyewitness testimony was sufficient to support convictions for murder, attempted murder, felonious assault, and carrying a concealed weapon, and that the convictions were not against the manifest weight of the evidence); *State v. Harris*, 10th Dist. No. 02AP-977, 2003-Ohio-2414, ¶ 14-19 (holding that witness testimony was sufficient to support conviction for carrying a concealed weapon and that the conviction was not against the manifest weight of the evidence). Accordingly, we conclude that appellant's conviction for carrying a concealed weapon was not against the manifest weight of the evidence.

{¶ 11} Appellant was also convicted of having a weapon while under disability, a third-degree felony in violation of R.C. 2923.13. To establish this charge, the state was

required to prove that appellant knowingly acquired, had, carried, or used a firearm, and had been convicted of a felony offense of violence. R.C. 2923.13(A)(2). As noted above, appellant stipulated at trial that he was previously convicted of felonious assault. Thus, the state needed to establish that appellant knowingly acquired, had, carried, or used a firearm. Detective Gauthney testified that he saw appellant receive the handgun from Mandujano and place it in the waistband of his pants, thus demonstrating possession of a firearm. Further, both Detective Gauthney and Detective Coleman testified that they saw appellant holding the handgun in his hand while arguing with an unknown individual. This testimony could permit a reasonable trier of fact to conclude that the essential elements of the crime of having a weapon while under disability were proven beyond a reasonable doubt. Therefore, we conclude that the evidence was sufficient to support appellant's conviction for having a weapon while under disability.

{¶ 12} Detectives Gauthney and Coleman were each located some distance from appellant and observed him through binoculars. However, as noted above, the jury was aware of these factors, and the jurors were able to consider them in weighing the credibility of the detectives' testimony. Further, the lack of physical evidence linking appellant to the recovered handgun does not, by itself, preclude a conviction for having a weapon while under disability. Courts have upheld convictions for having a weapon while under disability in cases where the weapon was not recovered by police. *See, e.g., State v. Bloodworth*, 9th Dist. No. 26346, 2013-Ohio-248, ¶ 16-22 (holding that witness testimony was sufficient to support a conviction for having a weapon while under disability in a case where no weapon was recovered); *State v. White*, 8th Dist. No. 90839, 2008-Ohio-6152, ¶ 8-16 (holding that witness testimony was sufficient to support convictions for having a weapon while under disability and that convictions were not against the manifest weight of the evidence in a case where no weapon was recovered). After reviewing the evidence presented at trial, we cannot conclude that the jury clearly lost its way in believing the testimony of Detectives Gauthney and Coleman and finding appellant guilty of having a weapon while under disability. Accordingly, we conclude that appellant's conviction for having a weapon while under disability was not against the manifest weight of the evidence.

{¶ 13} For the foregoing reasons, we overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J., and BROWN, J., concur.

_____